# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Richard Pfeiffer

Case No: 3:14-cr-138-14
USM No: 48285-074

Date of Original Judgment: 11/4/2015
Date of Previous Amended Judgment:

Jonathan A. Moffatt
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 5/14/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:14-CR-138-KAC-JEM-14 |
| RICHARD PFEIFFER, | ) ) ) |
| Defendant. | ) |

## ANALYSIS

Before the Court is Defendant Richard Pfeiffer's "Motion for Sentence Reduction Under Guideline Amendment 821, Part A" [Doc. 730]. On November 4, 2015, the Court sentenced Defendant to 130 months' imprisonment for conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 275 at 1-2]. On March 7, 2024, Defendant filed the instant Motion [Doc. 730], asking the Court to reduce his term of imprisonment from 130 to 120 months under 18 U.S.C. § 3582(c)(2). On April 22, the United States responded in opposition, asserting that Defendant's "poor post-sentence conduct" militates against granting a sentence reduction [Doc. 731 at 1].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the

"decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is eligible for a reduction under Section 4A1.1(e). When initially sentenced, Defendant had a subtotal criminal history score of eleven (11) [Doc. 251 ¶ 72, *sealed]. The then-existing text of Section 4A1.1(d) required that two (2) points be added to that subtotal because he committed the offense while under a criminal justice sentence [*Id.* ¶ 73, *sealed]. This resulted in a criminal history category of six (VI). Based on a total offense level of twenty-seven (27) and a criminal history category of six (VI), Defendant's previous advisory

3

guideline range was 130-162 months' imprisonment [*See* Doc. 276 at 1, *sealed]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would receive one (1) criminal history point, not two (2), for committing the offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Therefore, his criminal history score would be twelve (12), resulting in a criminal history category of two (II) and an amended guideline range of 120-150 months' imprisonment [*See* Doc. 251 ¶¶ 72-73, 101, *sealed].

The relevant Section 3553(a) factors, however, do not support a reduction of Defendant's term of imprisonment. To date, Defendant has "completed 124 hours of classes related to drug abuse, finance, parenting, and other Adult Continuing Education classes" while working "numerous jobs since his transition into" the Bureau of Prisons ("BOP") [*See* Docs. 730 at 5; 730-1]. *See* 18 U.S.C. § 3553(a)(1)-(2). Defendant, though, has received nineteen (19) disciplinary infractions while in the BOP, including four (4) infractions for possessing a dangerous weapon, ten (10) infractions for possessing drugs or alcohol, and an infraction for assault [*See* Docs. 730 at 3; 731-1]. *See* 18 U.S.C. § 3553(a)(1). The BOP divides those acts that are prohibited in its facilities into "four separate categories based on severity: Greatest; High; Moderate; and Low." *See* 28 C.F.R. § 541.3(a) (2024). The BOP classifies possessing a dangerous weapon and possessing drugs or alcohol as two of the "Greatest Severity Level Prohibited Acts" *See id.* Table 1. And Defendant received a significant sanction for each of these "Greatest" severity infractions [*See* Doc. 731-1]. Defendant's continued pattern of severe misconduct in prison concerns the Court. It also shows that the current, unmodified term of imprisonment is needed to provide deterrence and protect the public from any further crimes Defendant may commit. *See* 18 U.S.C. § 3553(a)(2)(B), (C). This, too, is consistent with the BOP's assessment that Defendant represents a high risk of recidivism [*See* Doc. 731-2 at 2].

4

*See* 18 U.S.C. § 3553(a)(1).  Therefore, the applicable 3553(a) factors do not support a reduction of Defendant's sentence.